IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. BANASZKIEWICZ, Star# 1695, OFFICER GUZMAN, Star# 14069, OFFICER MCDONAGH, Star# 13916, OFFICER LUCAS, Star# 13743, OFFICER RIORDAN, Star# 43476, and the CITY OF CHICAGO,<br><br>  Defendants. | Case No: 10 cv 8302 |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JASON SMITH, by and through his attorneys, Blake Horwitz and Mustafa Kamal of The Blake Horwitz Law Office, Ltd., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit, SGT. BANASZKIEWICZ, Star# 1695, OFFICER GUZMAN, Star# 14069, OFFICER MCDONAGH, Star# 13916, OFFICER LUCAS, Star# 13743, OFFICER RIORDAN, Star# 43476, hereinafter, the "DEFENDANT OFFICERS", and the CITY OF CHICAGO.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

1

3. The DEFENDANT OFFICERS, at all times relevant hereto, were employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about June 10, 2009, at approximately 11:35 p.m. the DEFENDANT OFFICERS arrived at or about 631 N LaSalle Dr., Chicago, IL 60654.

6. At that time and location, PLAINTIFF was working as a private security job for a part-time job.

7. PLAINTIFF was a full-time correctional officer with the Illinois Department of Corrections.

8. PLAINTIFF possessed valid FOID and other cards/documents legally authorizing and allowing PLAINTIFF to possess a firearm while working as a private security officer.

9. PLAINTIFF showed the DEFENDANT OFFICERS the required documents allowing him to carry and possess a firearm while working as a private security officer.

10. The DEFENDANT OFFICERS were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.

11. The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to PLAINTIFF.

12. On June 10, 2009, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

13. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, criminal charges were lodged against PLAINTIFF for illegally possessing a firearm.

14. On or about January 4, 2010, all the underlying criminal charges were resolved in favor of PLAINTIFF and in a manner indicative of PLAINTIFF's innocence.

15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF suffered damages including but not limited to financial losses, attorney fees, lost wages and loss of freedom.

16. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF's employment as a correctional officer was terminated by the Illinois Department of Corrections.

17. On or about June 10, 2009, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and the DEFENDANT OFFICERS were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

### COUNT I
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

18. PLAINTIFF re-allege paragraphs 1 – 17 as though fully set forth herein.

19. The actions of the DEFENDANT OFFICERS caused the arrest of PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

20. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, the Plaintiff, JASON SMITH, demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff, JASON SMITH, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### Malicious Prosecution – State Law Claim

22. PLAINTIFF re-allege paragraphs 1 – 17 as though fully set forth herein.

23. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced and/or caused a continuation of a criminal proceeding against PLAINTIFF.

24. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with various criminal offenses.

25. The DEFENDANT OFFICERS charged PLAINTIFF with the criminal activity alleged above without probable cause.

26. The DEFENDANT OFFICERS charged PLAINTIFF with the criminal activity alleged above, knowing the charges were false.

27. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on or about January 4, 2010. All the charges lodged against the PLAINTIFF were discontinued in a manner indicative of PLAINTIFF's innocence.

28. The conduct of the DEFENDANT OFFICERS alleged above violated Illinois law.

29. The conduct alleged in this Count was undertaken with malice, willfulness and reckless indifference to the rights of the Plaintiff.

30. The actions of the DEFENDANT OFFICERS alleged above were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANTS and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS as well as any other relief that this Court deems just and appropriate.

## COUNT III
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

31. PLAINTIFF re-allege paragraphs 1 – 17 as though fully set forth herein.

32. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

33. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiff, JASON SMITH, demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT IV
### Supplementary Claim for *Respondeat Superior*

34. PLAINTIFF re-allege paragraphs 1 – 17 as though fully set forth herein.

35. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff, JASON SMITH, demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

36. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff

**The Blake Horwitz Law Firm, Ltd.**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076