UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 8302 |
| | ) | |
| SGT. BANASZKIEWICZ, Star# 1695, OFFICER GUZMAN, Star# 14069, OFFICER MCDONAGH, Star# 13916, OFFICER LUCAS, Star 13743, OFFICER RIORDAN, Star# 43476, and THE CITY OF CHICAGO, | ) ) ) ) ) | Judge Virginia Kendall |
| Defendants. | | |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendants, Sgt. Banaszkiewicz, Star# 1695, Officer Guzman, Star# 14069, Officer McDonagh, Star# 13916, Officer Lucas, Star# 13743 and the City of Chicago, by and through their attorneys, Thomas More Leinenweber and James Daffada, submits the following answer, affirmative defenses and jury demand to plaintiff's complaint and states as follows:

## JURISDICTION

**1.** The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit that Plaintiff is bringing this action under the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

**2. Plaintiff is a resident of the State of Illinois and of the United States**

ANSWER: Defendants admit the allegations of Paragraph 2.

**3. The Defendant Officers, at all times relevant hereto, were employed by and acting on behalf of the City of Chicago.**

ANSWER: Defendants admit that Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, and Officer Lucas were employed by the City of Chicago as police officers and deny the remaining allegations of Paragraph 3.

**4. The City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usage of the City of Chicago.**

ANSWER: Defendants admit that the City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, and Officer Lucas and deny the remaining allegations of Paragraph 4.

## FACTS

**5. On or about June 10, 2009, at approximately 11:35 p.m. the Defendant Officers arrived at or about 631 N LaSalle Dr., Chicago, IL 60654.**

ANSWER: Defendants admit that around that time and on that date certain Chicago police officers arrived that location.

**6. At that time and location, Plaintiff was working as a private security job for a part-time job.**

ANSWER: Defendants admit the allegations of Paragraph 6.

**7. Plaintiff was a full-time correctional officer with the Illinois Department of Corrections.**

ANSWER: Defendants admit the allegations of Paragraph 7.

**8. Plaintiff possessed valid FOID and other card/documents legally authorizing and allowing Plaintiff to possess a firearm while working as a private security officer.**

ANSWER: Defendants deny the allegations of Paragraph 8.

**9. Plaintiff showed the Defendant Officers the required documents allowing him to carry and possess a firearm while working as a private security officer.**

ANSWER: Defendants deny the allegations of Paragraph 9.

**10. The Defendant Officers were on duty at all times relevant to this Complaint, and engaged in the complained of conduct in the course and scope of their employment.**

ANSWER: Defendants admit that Officers Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, and Officer Lucas were on duty and deny the remaining allegations of Paragraph 10.

**11. The Defendant Officers arrested, participated in the arrest and/or failed to prevent the arrest of Plaintiff notwithstanding the fact that the Defendant Officers failed to observe and/or learn that Plaintiff had committed criminal activity of any sort. The Defendant Officers did not have probable cause to believe that criminal activity took place relevant to Plaintiff.**

ANSWER: Defendants deny the allegations of Paragraph 11.

**12. On June 10, 2009, Plaintiff had not committed an act contrary to the laws of the State of Illinois.**

ANSWER: Defendants deny the allegations of Paragraph 12.

**13. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, criminal charges were lodged against Plaintiff for illegally possessing a firearm.**

ANSWER: Defendants deny the allegations of Paragraph 13.

**14. On or about January 4, 2010, all the underlying criminal charges were resolved in favor of Plaintiff and in a manner indicative of Plaintiff's innocence.**

ANSWER: Defendants admit that on or about January 4, 2010, the underlying criminal charges were resolved in favor of the Plaintiff but deny the remaining allegations of Paragraph 14.

**15. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff suffered damages including but not limited to financial losses, attorney fees, lost wages and loss of freedom.**

ANSWER: Defendants deny the allegations of Paragraph 15.

**16. As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, Plaintiff's employment as a correctional officer was terminated by the Illinois Department of Corrections.**

ANSWER: Defendants deny the allegations of Paragraph 16.

**17 On or about June 10, 2009, the Defendant Officers were duly appointed police officers for the City of Chicago. The Defendant Officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.**

**This action is being brought with regard to the individual capacity of the Defendant Officers.**

**ANSWER:** Defendants admit that Officers Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, and Officer Lucas were duly appointed police officers for the City of Chicago and deny the remaining allegations of Paragraph 17.

**COUNT I**
**False Arrest Claim Pursuant to**
**42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution**

**18.** **Plaintiff re-allege paragraphs 1 – 17 as though fully set forth herein.**

**ANSWER:** Defendants answers to Paragraphs 1 – 17 in this Complaint are incorporated herein as though fully set forth.

**19.** **The actions of Defendant Officers caused the arrest of Plaintiff without probable cause to believe that the Plaintiff had committed criminal activity.**

**ANSWER:** Defendants deny the allegations of Paragraph 19.

**20.** **Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.**

**ANSWER:** Defendants deny the allegations of Paragraph 20.

**21.** **The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set for above.**

**ANSWER:** Defendants deny the allegations of Paragraph 21.

**COUNT II**
**Malicious Prosecution – State Law Claim**

**22.** **Plaintiff re-allege paragraphs 1 – 17 as though fully set forth herein.**

**ANSWER:** Defendants answers to Paragraphs 1 – 17 in this Complaint are incorporated herein as though fully set forth.

23. The Defendant Officers alleged that Plaintiff violated the laws of the State of Illinois. These allegations commenced and/or caused a continuation of a criminal proceeding against Plaintiff.

ANSWER: Defendants deny the allegations of Paragraph 23.

24. The Defendant Officers arrested and charged the Plaintiff with various criminal offenses.

ANSWER: Defendants admit the allegations of Paragraph 24.

25. The Defendant Officers charged Plaintiff with the criminal activity alleged above without probable cause.

ANSWER: Defendants deny the allegations of Paragraph 25.

26. The Defendant Officers charged Plaintiff with the criminal activity alleged above, knowing the charges were false.

ANSWER: Defendants deny the allegations of Paragraph 26.

27. The underlying criminal charges were ultimately resolved in favor of Plaintiff on or about January 4, 2010. All the charges lodged against Plaintiff were discontinued in a manner indicative of Plaintiff's innocence.

ANSWER: Defendants admit that on or about January 4, 2010, the underlying criminal charges were resolved in favor of the Plaintiff but deny the remaining allegations of Paragraph 27.

28. The conduct of the Defendant Officers alleged above violated Illinois law.

ANSWER: Defendants deny the allegations of Paragraph 28.

29. The conduct alleged in this Count was undertaken with malice, willfulness and reckless indifference to the rights of the Plaintiff.

**ANSWER:** Defendants deny the allegations of Paragraph 29.

**30. The actions of the Defendant Officers alleged above were the direct result and proximate cause of the violations set forth above.**

**ANSWER:** Defendants deny the allegations of Paragraph 30.

## COUNT III
## 745 ILCS 10/9-102 Claim Against the City of Chicago

**31. Plaintiff re-allege paragraphs 1 – 17 as though fully set forth herein.**

**ANSWER:** Defendants answers to Paragraphs 1 – 17 in this Complaint are incorporated herein as though fully set forth.

**32. Defendant City of Chicago is the employer of the Defendant Officers.**

**ANSWER:** Defendants admit the allegations of Paragraph 32.

**33. The Defendant Officers, as alleged above, committed the acts under color of law and in the scope of employment of the City of Chicago.**

**ANSWER:** Defendants deny the allegations of Paragraph 33.

## COUNT IV
## Supplementary Claim for *Respondeat Superior*

**34. Plaintiff re-allege paragraphs 1 – 17 as though fully set forth herein.**

**ANSWER:** Defendants answers to Paragraphs 1 – 17 in this Complaint are incorporated herein as though fully set forth.

**35. The aforesaid acts of the Defendant Officers were in the scope of employment and therefore the Defendant City of Chicago, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.**

**ANSWER:** Defendants deny the allegations of Paragraph 35.

**AFFIRMATIVE DEFENSES**

Defendants, Officers Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, Officer Lucas and the City of Chicago, without prejudice to their denials and all other statements in their answer and elsewhere, for their affirmative defenses to plaintiff's complaint, state as follows:

1. On June 10, 2009 and January 4, 2010, and all other times material to the events described in plaintiff's complaint, a reasonably competent police officer, objectively viewing the facts and circumstances confronting the Defendant Officers, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits clearly established at the time. These Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. These Defendants are absolutely immune for any testimony they might have given in plaintiff's underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

3. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that a plaintiff has a duty to mitigate his damages.

4. An award of punitive damages would deprive Defendant Officers Sgt. Banaszkiewicz, Officer Guzman, Officer McDonagh, and Officer Lucas of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

5. Under the Illinois Tort Immunity Act, Defendant is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109 (1994).

6. Under the Illinois Tort Immunity Act, Defendant is not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts constitute willful and wanton conduct. 745 ILCS 10/2-202(1994).

7. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201(1994).

8. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (1994).

9. Defendants are not liable to pay attorney fees in connection with the state law claims, as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

6. Defendant City is not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

7. Under the Illinois Tort Immunity Act, defendants are not liable under state law for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

8. The City of Chicago is immune from the imposition of punitive damages under both state and federal law. Punitive damages cannot be imposed against a municipality in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages on behalf of an employee. 745 ILCS 10/2-102.

### JURY DEMAND

Defendants respectfully request trial by jury.

Respectfully submitted,

By: s/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
James Daffada
Leinenweber Baroni & Daffada, LLC
203 North LaSalle Street, Suite 1620
Chicago, Il 60601
(312) 663-3003